## THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, *v.* ALBERT CHRISTY, APPELLANT.

*Crimes — poisoning the horses of another — distinction between this crime and that of cruelty to animals — testimony of an accomplice — credibility — contradicting a witness — indirect proof of the defendant's bad character.*

Albert Christy was convicted, under section 654 of the Penal Code, of unlawfully and willfully destroying the personal property of another. The crime consisted in poisoning three horses alleged to be the property of Gilboy Brothers.

*Held,* that the conviction was proper.

That sections 655 and 660 of the Penal Code, relative to cruelty to animals, did not apply to such a case.

That those sections had regard to the crime without reference to the element of ownership.

That section 654 did not relate to inanimate objects only, but that horses were " personal property " within its meaning.

A witness, named Garlock, who was charged to have been an accomplice, testified for the people. On cross-examination he was asked: " Did you understand by making the statement (as to the details of the crime) which you did make you would relieve yourself from prosecution? " The question was objected to and excluded.

*Held,* that its exclusion was improper.

That it related to the position of the witness with reference to the complainant and the district attorney, and was material as affecting the credibility of the witness.

The horses were poisoned about the middle of July. Garlock testified that on two occasions he purchased arsenic for Christy, the first being about the middle of May and the second ten days later. He fixed the date of the second purchase by saying that before he got it he read in a newspaper that a number of Gilboy's horses were dying. He said that he was sick from June first to about the middle of July.

The defendant offered to show that no account of the death of the horses appeared in the newspaper in April, May or June.

*Held,* that the evidence was competent upon the question whether Garlock made the purchase before the middle of July.

Upon the cross-examination of one Horn, a witness for the defendant, the people were allowed to prove by him that the defendant had kept a place of bad character.

*Held,* that the people had no right to attack in this manner the character of the defendant who was not sworn on the trial.

APPEAL by the defendant Albert Christy from a judgment of the Court of Sessions of Herkimer county, rendered on the 1st day of June, 1891, convicting him of the crime of willfully and unlawfully destroying the personal property of another, as defined in section 654

of the Penal Code, under which judgment he was sentenced to imprisonment in a State's prison for the term of three years.

In the first count of the indictment the defendant is accused " of the crime of unlawfully and willfully destroying personal property of another," and it is specified that on the 10th of July, 1889, at a place named, the defendant did willfully, unlawfully, feloniously and maliciously kill, destroy and poison unto death three horses, the personal property of the firm of Gilboy Brothers, and of the value of $175. In the second count the defendant is accused " of the crime of willfully and unlawfully destroying personal property of another, contrary to and in violation of section 654 of the Penal Code," and the specification is substantially as in the first count, except the date is laid on the 15th of July, 1889. Upon the trial the defendant was found guilty as charged in the indictment.

The statement of Garlock, referred to in the opinion as made to shield him from prosecution, was made to one Harris, who was chief of police of Little Falls.

*J. D. Beckwith,* for the appellant.

*Irving R. Devendorf,* for the respondent.

MERWIN, J.:

The defendant claims that the facts alleged in the indictment and the evidence given upon the trial do not constitute the crime of which the defendant was convicted, and that the indictment should have been dismissed.

By section 654 of the Penal Code it is provided that " a person who unlawfully and willfully destroys or injures any real or personal property of another, in a case where the punishment thereof is not specially prescribed by statute, is punishable as follows: 1. If the value of the property destroyed, or the diminution in the value of the property by the injury is more than twenty-five dollars, by imprisonment for not more than four years. 2. In any other case, imprisonment for not more than six months, or by a fine of not more than two hundred and fifty dollars, or by both such fine and imprisonment."

The claim of the defendant is that the crime, if any, is that of cruelty to animals under section 655 of the Penal Code, or sec-

tion 660; that the punishment thereof is specially prescribed by those sections, and that, therefore, the case is not within the purview of section 654.

By section 655 it is, among other things, provided that a person who unjustifiably injures or kills any animal, or causes it to be done, is guilty of a misdemeanor. By section 660 it is provided that a person who unjustifiably administers any poisonous substance to an animal is guilty of a misdemeanor. By section 15 of the Penal Code it is provided that : "A person convicted of a crime declared to be a misdemeanor, for which no other punishment is specially prescribed by this Code, or by any other statutory provision in force at the time of the conviction and sentence, is punishable by imprisonment in a penitentiary or county jail, for not more than one year, or by a fine of not more than five hundred dollars, or by both." The inference from this section is that when, by some other provision of the Code, an offense is simply made a misdemeanor, the punishment is not considered as thereby "specially prescribed."

By subdivision 27 of section 56 of the Code of Criminal Procedure Courts of Special Sessions have, in the first instance, exclusive jurisdiction to hear and determine charges of misdemeanors for cruelty to animals. It is not claimed that this case was brought before the grand jury by virtue of a certificate under section 57 of the Code of Criminal Procedure. So that apparently, if the theory of the defendant is correct, not only is the crime a misdemeanor simply, but the remedy by indictment is not proper.

Section 654 of the Penal Code is a part of chapter 14 of title 15. This title is " of crimes against property," and chapter 14 is of " malicious mischiefs and other injuries to property." The subject of " cruelty to animals " is under another title, and relates rather to the manner in which an act is done than to an interference with the property rights of others. The term " personal property " used in section 654 cannot, as claimed by defendant, be construed to mean only inanimate property. For, by the rules of construction furnished by the same Code, the term "personal property " includes chattels of every description. (Penal Code, § 718, sub. 15 [1891]; *People* v. *Maloney*, 1 Park. Crim. Rep., 593 ; 2 Black. Com., 387.)

Section 654 relates to acts " unlawfully and willfully " done to the property of another ; while sections 656 and 660 relate to acts

"unjustifiably" done without reference to the ownership. It looks reasonably clear that it is not the intention of the statute to exclude from the operation of section 654 all acts that might possibly be included in the other sections. By section 677 it is provided that an act or omission which is made criminal and punishable in different ways by different provisions of law, may be punished under any one of those provisions, but not under more than one.

We are of the opinion that the court below did not err in refusing to dismiss the indictment.

The horses in question died about the 15th or 20th of July, 1889, and there is evidence tending to show that the death was caused by poison which the defendant procured to be administered. This, in effect, was testified to by the witness Garlock, who, however, is charged to have been an accomplice. He was, we think, corroborated by other evidence that tended to connect the defendant with the commission of the crime. (Code of Crim. Pro., § 399.) In the course of his cross-examination, after having testified as follows: "I don't know as there was any understanding between Mr. Harris and me, or the district attorney and me, that I would not be prosecuted if I stated to him the matters which I did state," he was asked the question: "Did you understand by making the statement which you did make you would relieve yourself from prosecution?" This was objected to and excluded and defendant excepted. This should have been admitted. (Whart. Crim. Ev., § 477.) It related to the position of the witness with reference to the complainant and the prosecuting officer, and was competent and material as affecting his credibility.

Garlock testified that upon two occasions, the first about the middle of May, and the second about ten days afterwards, at the request of defendant, he purchased arsenic. The date of the second purchase he fixed by saying that before he got it he read in a newspaper, the Evening Times, of Little Falls, a statement that a number of Gilboy's horses were dying. The defendant offered to show that in the months of April, May and June there was in the paper referred to no account of the death of Gilboy's horses. This was excluded and exception taken. Garlock had testified that he was sick and confined to the house from the first of June to about the middle of July, which was about the time the horses in question were poisoned. If, before Garlock was sick, there was no publica-

tion, it would reflect on the question whether he made any purchase before the horses in controversy died. The evidence should have been admitted.

Upon the cross-examination of one Horn, a witness for the defendant, the people were allowed to prove that defendant kept, at Ilion, a place of bad character. This was admitted as bearing upon the character of the witness. Its natural and chief effect was, however, upon the character of the defendant, and the people had no right to attack his character in that way. He was not a witness, and had a right to all legal presumptions in his favor. No sufficient reason is apparent for the admission of the testimony. (1 Bishop on Crim. Pro., § 1122.)

The defendant and the Gilboy Brothers were competitors in business, and the people were allowed to prove to a considerable extent the state of feeling between them. Among other things they were allowed to prove in detail actual assaults upon two occasions. It is competent to show against a defendant that he bore toward the party injured enmity of a sort tending to the criminal result. (1 Bishop on Crim. Pro., § 1109.) Threats are admissible. (Id., § 1110.) In the present case it is at least doubtful whether the people were not permitted to go too far in this line. Be that as it may, the rulings upon the evidence above referred to cannot, in their effect, be deemed immaterial, and it follows that the defendant is entitled to another trial.

HARDIN, P. J., and MARTIN, J., concurred.

Conviction, order and judgment of the Court of Sessions of Herkimer county reversed and the clerk directed to enter judgment and remit certified copy thereof, with the return and decision of this court, to the Court of Sessions of Herkimer county, pursuant to sections 547 and 548 of the Code of Criminal Procedure.