[Crim. No. 73.  First Appellate District.—February 20, 1907.]

## THE PEOPLE, Respondent, v. DAVID MITCHELL, Appellant.

CRIMINAL LAW—RAPE—CROSS-EXAMINATION OF PROSECUTRIX—COMPLAINT UNDER THREAT OF IMPRISONMENT.—Upon a prosecution for rape by sexual intercourse with a girl under sixteen years of age, it was prejudicial error to refuse to allow the defendant to show upon cross-examination of the prosecutrix, as affecting her credibility, that at the time of making the complaint she was under arrest for vagrancy, and had been threatened with imprisonment if she did not swear to the complaint, and that acting under fear thereof she was induced to swear thereto.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial. T. W. Harris, Judge.

The facts are stated in the opinion of the court.

H. S. Aldrich, J. E. McElrath, and W. J. Donovan, for Appellant.

U. S. Webb, Attorney General, C. N. Post, Assistant Attorney General, and J. Charles Jones, for Respondent.

KERRIGAN, J.—The defendant was convicted of rape, for having sexual intercourse with a female child under the age

of sixteen years not his wife, and has appealed from the final judgment of conviction, from the order denying a new trial, and from the order denying the motion in arrest of judgment.

For the purpose of showing the character of the testimony, and that because of its character a liberal cross-examination of the prosecutrix should have been permitted, a short recital of the evidence for the people is necessary. The prosecutrix testified that she with her girl friend, Bernice B. (the name of this witness being immaterial to the discussion) went to the offices of the defendant on the seventeenth day of November, 1905, at about 5 o'clock in the afternoon. There the prosecutrix had sexual intercourse with defendant, and pursuant to her expectations received the sum of $2.50, with which (according to her testimony) she intended to buy a costume to wear at a skating rink carnival. The arrangement for the intercourse had been made by her friend Bernice, who accompanied her to defendant's office, and waited in the reception-room while defendant and prosecutrix retired to a bedroom adjoining. The latter testified: "From the bedroom the defendant and I, after putting on our clothes, went into the office, where he gave me $2.50. He also gave Bernice $1 in the reception-room. When he gave me the $2.50 I think he told me not to speak of being in his office because it might get him into trouble." She further testified that at another and subsequent time she had sexual intercourse with the defendant.

The only other evidence in chief for the people was the testimony of Bernice, who really acted as procuress. She had recently introduced the parties, and had told the defendant, among other things, that she thought E. (the prosecutrix) "would do the business." She, too, testified that she accompanied E. to the offices of defendant, and that defendant paid her $1.

There are several instances in which it is claimed that the trial court erred in its rulings on the cross-examination by the defendant of the prosecutrix and the witness Bernice. While it is true that the extent of a cross-examination is largely within the discretion of the trial court, yet we think the trial court in this case unduly and needlessly restricted the cross-examination in the following instances:

"Question by Defendant (to Prosecutrix) : Was there any inducement or threat held out or made to you to get you to sign the complaint against Mitchell?

"To which question the district attorney objected on the ground that it was irrelevant, immaterial, incompetent and not proper cross-examination.

"The Court: I don't see the materiality of it. Will you point out in what way it is material?

"Mr. Aldrich: Only as going to the credibility of the witness in this. This, of course, is simply a preliminary question. While I want to be perfectly fair, I do not think I ought to state my reasons before the jury, unless your Honor is going to say that this, being a preliminary question, that we have a right to ask the question.

"The Court: I do not conceive that you have a right to pursue this kind of examination at this time.

"Mr. Aldrich: Then our object in asking that question, our reason for it is this: We expect to show by this witness that at the time of the making of this complaint, this witness was under arrest by the police of this city on a charge of vagrancy. That at this time a man by the name of B., whose daughter is the girl Bernice, was present at the courthouse, in the office of the police, and at that time threatened that in case this girl did not make complaint as against Mitchell that he would cause her to be sent to an institution, say Whittier, upon a charge of vagrancy. That acting upon that and in fear, believing that he would do as he said he would do, this young woman was induced to swear to this complaint as against Mitchell.

"The Court: If every fact that you have stated be so, you should well know that it is not competent evidence in this case."

The same question substantially was again repeated during the trial, to which the same objection was made, followed by the same ruling.

The question was admissible under section 1847, Code of Civil Procedure, to show motive. "Section 1847. A witness is presumed to speak the truth. This presumption, however, may be repelled by the manner in which he testifies . . . by evidence affecting his motives."

In the case of *People* v. *Howard*, 143 Cal. 316, [76 Pac. 1116], Chief Justice Beatty, in a concurring opinion in a rape

case, said: "There was evidence to the effect that the prosecutrix was induced by threats of imprisonment to make the accusation, and if the jury believe this evidence they should have taken it into consideration in determining her credibility."

In the case of *People* v. *Christy,* 65 Hun, 352, [20 N. Y. Supp. 278], a witness was asked: "Did you understand by making the statement which you did make you would relieve yourself from prosecution?" This was objected to and excluded, and the defendant excepted. It was held that this should have been admitted, the court saying: "It related to the position of the witness with reference to the complainant and the prosecuting officer, and was competent and material as affecting his credibility" (citing Wharton's Criminal Evidence, sec. 477).

In the case of *People* v. *Benson,* 6 Cal. 223, [65 Am. Dec. 506], while the court was not discussing the point under consideration here, yet what it there said had an important bearing on this case generally, and especially in view of the fact that the prosecutrix herein was, as is generally the case, the sole witness to the act itself. We quote from that case: "There is no class of prosecutions attended with so much danger, or which afford so ample an opportunity for the free play of malice and private vengeance. In such cases the accused is almost defenseless, and courts, in view of the facility with which charges of this character may be invented and maintained, have been strict in laying down the rule which should govern the jury in their finding."

In a late and similar case in this state, it is said: "It will be sufficient to say in a general way that in a case of this character the very widest latitude, compatible with our somewhat technical and restricted rules of evidence, should be allowed the defendant in his cross-examination of the witnesses of the people. More especially is this true with reference to the prosecuting witness. In this class of prosecutions the defendant, owing to natural instincts and laudible sentiments on the part of the jury, and the usual circumstances of isolation of the parties involved at the commission of the offense, is, as a rule, so disproportionately at the mercy of the prosecutrix's evidence, that he should be given the full measure of every legal right in an endeavor to maintain his innocence." (*People* v. *Baldwin,* 117 Cal. 249, [49 Pac. 186].)

The defendant would clearly have had the right on cross-examination of the prosecutrix to show, if it were true, that for charging the defendant with rape and proceeding against him on that charge she had received a consideration in money. The motive which might prompt her to make a colored or false statement in that case would be money, while in the case under discussion it would be to escape punishment and enjoy her liberty. In each case the evidence would be admissible as affecting her credibility. Rape is a detestable crime, for the commission of which one could hardly be punished too severely, but from some of the decisions above referred to and others that might be cited the view of the courts seems to be that, as it is a crime easily charged and hard to defend against, even though the defendant be innocent; and as it is one which, out of consideration for the protection of the family and the infant, and for other most commendable reasons is likely to unduly excite the sympathies of the jury for the prosecution, courts should be very liberal in the extent to which witnesses for the people—and especially the prosecutrix—may be cross-examined. If the prosecutrix was under arrest for vagrancy, and, while in custody, charged the defendant with rape to escape being sent to a reform school, it was eminently a proper matter for the consideration of the jury in determining her credibility; and in sustaining the objection to that question the court contravened the defendant's right and committed prejudicial error, for which the judgment must be reversed.

The prosecutrix was permitted, over the objection and exception of the defendant, to testify as to her age. Authority for the ruling of the court is found in *People* v. *Ratz,* 115 Cal. 132, [46 Pac. 915]. Defendant claims this was error, and he cites the later case of *People* v. *Baldwin,* 117 Cal. 249, [49 Pac. 186], which he claims in effect overrules the former case. The contention of the defendant is that the testimony of the prosecutrix as to her age is hearsay, and inadmissible under sections 1845, 1852 and 1870, subdivision 4, Code of Civil Procedure, unless the proper foundation shall be laid by proof that the members of the family and blood relatives, from whom she received the information, are dead or out of the jurisdiction of the court. As the case will have to be retried for the reason already assigned, it is unnecessary to pass

on this point. Doubtless the district attorney, having had his attention called to the matter, in order to avoid possible error on a new trial, will pursue what would seem to be the safer course—the one laid down in the later case.

Since the appeal is, in part, from the final judgment, there is no merit in what seems to be contention of the respondent, that the appellant having taken no exception to the order denying the motion for a new trial, is deemed to have waived his right of appeal. (*People* v. *Thompson,* 115 Cal. 161, [46 Pac. 912].)

For the reasons stated, the judgment is reversed and a new trial ordered.

Hall, J., and Cooper, P. J., concurred.