HOUSTON EAST & WEST TEXAS RAILWAY COMPANY V CAROLINE E. BLAGGE ET AL.

No. 2654.

**Trespass to Try Title.**—When in trespass to try title the plaintiff having set forth his chain of title in his petition, established by parol the execution of one of the deeds in his title which had been destroyed, but the testimony tended to show that it bore date three years later than the date of its execution and delivery as alleged in the petition, it was held that the variance was not fatal and the evidence admissible.

APPEAL from Jasper. Tried below before Hon. W. H. Ford. The opinion states the case.

*R. S. Lovett,* for appellant.

*H. C. Howell,* for appellees.—Where there is otherwise sufficient evidence to identify an instrument of writing in evidence a variance between the date of the instrument described in the petition and that offered in evidence is not material, the date not being essential to the validity of the instrument even where it is the foundation of the action. To constitute a fatal variance the misdescription must be such as to mislead or surprise the adverse party. Trabue v. Stonum, 20 Texas, 453; May v. Pollard, 28 Texas, 677; Pleasants v. Dunkin, 47 Texas, 343; Longly v. Caruthers, 64 Texas, 287; 5 Am. and Eng. Ency. Law, Tit. "Date."

HENRY, ASSOCIATE JUSTICE.—This was an action of trespass to try title. Plaintiffs' chain of title was set out in their petition. One link in the chain is a deed from Stephen H. Everitt to Jonas Butler, charged in the petition to have been executed and delivered on March 1, 1842.

On the trial it was shown that this deed had been destroyed. Parol evidence sufficient to establish its execution and contents was introduced. The witnesses by whom this proof was made stated their belief to be that the last deed was dated in 1845. This evidence was objected to by defendant on the ground of variance between the proof and allegation. The objection was overruled and the evidence admitted.

This ruling of the court is assigned as error.

We do not think that in this case the date of the last deed was material, and it not being, the evidence was properly admitted. ·

The judgment is sufficiently supported by the evidence and is affirmed.

*Affirmed.*

Delivered February 12, 1889.