cv2-058 




IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN





 






NO. 3-92-058-CV






BUD CROSS FORD, INC. AND MERVIN CROSS,



 APPELLANTS



vs.






RUDOLPH HEMMITT,



 APPELLEE




 




FROM THE DISTRICT COURT OF LEE COUNTY, 335TH JUDICIAL DISTRICT



NO. 9739, HONORABLE W. T. McDONALD, JR., JUDGE PRESIDING



 





 Bud Cross Ford, Inc. and Mervin Cross (collectively "Appellants") appeal from
a judgment non obstante veredicto (n.o.v.) and an award of damages to appellee, Rudolph
Hemmitt. They contend that the trial court erroneously disregarded the jury verdict because some
evidence existed to support it. We agree and, therefore, we will reverse the judgment of the
district court and will render judgment in accordance with the jury verdict.



 THE CONTROVERSY


 Rudolph Hemmitt was driving through Caldwell, Texas, on January 20, 1985,
when his vehicle broke down in the vicinity of Bud Cross Ford, Inc. Hemmitt called Mervin
Cross, then president of Bud Cross Ford, Inc., at home and asked him to come to the dealership
and sell Hemmitt a truck that he had looked at the previous July. Mervin Cross came and a
transaction occurred, after which Hemmitt left with a new 1984 Ford pick-up truck.

 Both men knew financing could not be arranged at the time of the sale because it
was Sunday. Mervin Cross contends that he relied on representations made by Hemmitt regarding
Hemmitt's ability to obtain financing without any difficulty. Cross also contends that Hemmitt
promised to return the next day with title to his old truck and the lien information on the new one. 
Both parties agree that Hemmitt left a check for $750.00 and his old truck at Bud Cross Ford, Inc.

 Hemmitt did not return the next day. Three weeks elapsed and Hemmitt still had 
not obtained financing or returned the truck. Cross asserts that he asked Hemmitt about this on
several occasions, both in person and on the telephone. The only reason Hemmitt gave for his
tardiness in payment was that he was unable to get off work to go to the bank for a loan. Hemmitt
introduced work records which demonstrated that Hemmitt left work early on January 21, 1985,
and that he began a two-week vacation on February 3, 1985.

 Mervin Cross asked the District Attorney for Burleson County for advice regarding
this matter on February 10 or 11, 1985. The district attorney advised Appellants to present the
issue to the grand jury when it next met. Appellants did so, and the grand jury returned an
indictment against Hemmitt for theft by false pretenses.



Procedural History

 Hemmitt was tried in a bench trial on the theft charge in May 1985. He was
acquitted in August 1985. Hemmitt then brought suit in Burleson County district court against
Appellants for malicious prosecution. The case was later transferred to Lee County for a trial on
damages.

 The case was submitted to the jury on four special issues, only the first of which
concerned liability. This question had accompanying instructions which listed the seven elements
of a cause of action for malicious prosecution. (1) The issue was submitted without objection.

 The jury failed to find either defendant had maliciously prosecuted Hemmitt. 
Hemmitt then moved for a judgment n.o.v. on the grounds that there was no evidence to support
the jury findings and that the evidence in his favor was conclusive as a matter of law. The trial
court agreed and granted judgment n.o.v. The court then ordered a new trial on damages only.
The jury awarded $5,304.34 in actual damages and $50,000 in exemplary damages.



Points of Error

 Appellants bring two points of error. First, Appellants contend that the trial court
erred in disregarding the jury verdict and rendering a judgment n.o.v. for Hemmitt because some
evidence existed to support the jury verdict. Second, Appellants contend that the trial court erred
in granting judgment n.o.v. against Mervin Cross, individually, because the unopposed evidence
on this point established that he acted in his capacity as corporate officer at all times. Because
we sustain the first point of error, we do not reach the second.



DISCUSSION


 Before beginning our analysis, we must consider the appropriate standard of
review. In order to sustain a judgment n.o.v., an appellate court must determine that no evidence
exists to support the jury's finding. A judgment n.o.v. is correctly granted if a directed verdict
would have been proper. An appellate court is limited to reviewing only evidence tending to
support the jury's verdict and must disregard all evidence to the contrary. Mancorp, Inc v.
Culpepper, 802 S.W.2d 226, 227-228 (Tex. 1990). 

 In cases in which the plaintiff has the burden of proof on an element, a negative
jury answer on that element represents a failure to carry this burden. Sterner v. Marathon Oil
Co., 767 S.W.2d 686, 690 (Tex. 1989). To be entitled to judgment n.o.v. for that element, the
plaintiff must establish that the evidence was conclusive as a matter of law. In such cases, the
appellate court must first examine the record for some evidence to support the jury finding and,
if there is none, proceed to determine if the plaintiff's evidence conclusively established the fact. 
 Holley v. Watts, 629 S.W.2d 694, 696 (Tex. 1982); Johnson Roofing v. Staas Plumbing, 823
S.W.2d 783, 786 (Tex. App.--Waco 1992, no writ).

 The jury failed to find in this case that Appellants maliciously prosecuted Hemmitt. 
The jury determined that Hemmitt failed to carry his burden of proof on at least one of the seven
elements of malicious prosecution submitted to them. For the trial court to disregard the jury
answers and render judgment for Hemmitt, it had to find that (1) there was no evidence to support
the jury answers, and (2) Hemmitt had proven all seven necessary elements as a matter of law.

 We will first examine the record to determine if there is any evidence to support
the jury answers. Appellants argue that evidence exists to support the jury findings on at least
three of the seven elements. They contend evidence was presented which shows (1) there was
probable cause for prosecution, (2) Appellants were not acting with malicious intent, and (3)
Hemmitt was not innocent of the charges brought.



Probable Cause

 Lack of probable cause is an essential element of a malicious prosecution suit. "No
matter what evidence of malice may be introduced, the suit must fail if the plaintiff does not
establish want of probable cause." Lloyd v. Myers, 586 S.W.2d 222, 227 (Tex. Civ. App.--Waco
1979, writ ref'd n.r.e.). The trial court defined probable cause for the jury as:



The existence of such facts and circumstances as would excite belief in a
reasonable mind, that Rudolph Hemmitt was guilty of some form of the offense of
theft. A party filing a criminal complaint does so upon probable cause where, in
good faith, he makes a full and fair disclosure of the facts and circumstances
known to him at the time. You are further instructed that the question of probable
cause does not depend upon the guilt or innocence of the plaintiff.



 This definition is essentially the same as that approved by the Texas Supreme Court
in Akin v. Dahl, 661 S.W.2d 917, 921 (Tex. 1983), cert. denied, 466 U.S. 938, reh'g denied, 467
U.S. 1231 (1984). The trial court added the requirement of full disclosure in good faith which
has support in the cases. See, e.g., Compton v. Calabria, 811 S.W.2d 945, 950 (Tex.
App.--Dallas 1992, no writ); Terk v. Deaton, 555 S.W.2d 154, 156 (Tex. Civ. App.--El Paso 1977,
no writ).

 Applying this definition of probable cause, we examine the evidence presented to
determine if the jury had a basis for its verdict. Mervin Cross testified that Hemmitt promised
to return on January 21, 1985, with the title to his trade-in and financing for the new truck. It
is clear from the record that he did not return. This broken promise, as well as ones made and
broken during the next three weeks, could cause a reasonable person to conclude that Hemmitt
did not plan to pay for the truck. In addition, the evidence indicates that Hemmitt never attempted
either to pay for or to borrow money to pay for the truck even though he had two weeks of
vacation beginning on February 3, 1985, during which time he could have sought financing.

 In addition, the district attorney of Burleson County testified that Mervin Cross
made a full disclosure of the relevant facts to him and that he advised Appellants to present their
case to the grand jury. The district attorney also testified that the disclosure to him was made in
good faith, and that in his expert opinion, Appellants had probable cause for filing the criminal
complaint.

 All of the above evidence is in the record, and the jury was entitled to give it
appropriate weight. The evidence outlined above constitutes some evidence to support the jury
verdict.



Malice

 Malice is an element of malicious prosecution. Akin v. Dahl, 661 S.W.2d at 921. 
The trial court defined malice for the jury as, "a [sic] ill will, evil motive or reckless disregard
of the rights for [sic] others. Malice may be inferred from the circumstances." This is consistent
with the definition of malice in Reed v. Lindley, 240 S.W. 348, 351 (Tex. Civ. App.--Fort Worth
1922, no writ). Malice may be inferred from circumstances if they indicate that the defendant was
"actuated by wrongful motives in the institution and continuance of the prosecution. The wrongful
motive coupled with a wrongful act wilfully done to the injury of another constitutes legal
malice." J.C. Penney Co. v. Gilford, 422 S.W.2d 25, 28 (Tex. Civ. App.--Houston [1st Dist.]
1967, writ ref'd n.r.e.).

 Hemmitt asserts that Appellants were wrongfully using the criminal process solely
for the purpose of collecting their debts. If this were true, then Appellants would have acted with
malice. See, e.g., Ada Oil Co. v. Dillaberry, 440 S.W.2d 902, 912 (Tex. Civ. App.--Houston
[14th Dist.] 1969, writ dism'd) (malice may be shown by use of the criminal process to coerce
payment of a debt). However, a defendant's motive to collect his property is not improper "if it
coexists with an honest belief that a crime has been committed and if there exists probable cause
for a criminal prosecution." Id. 

 Viewing the record in the light most favorable to Appellants, there is evidence from
which a jury could find that they did have such an honest belief. The district attorney testified
that Mervin Cross, in good faith, made a full disclosure to him of the relevant facts. It was upon
the district attorney's recommendation that Appellants presented these facts to the grand jury,
which resulted in an indictment. The jury could have inferred from this evidence that Appellants'
sole motivation in bringing the criminal complaint against Hemmitt was not revenge or debt
collection.



Innocence

 Innocence of the plaintiff in the original criminal action is also an element of
malicious prosecution. This element is separate from the requirement that the plaintiff show the
first action terminated in his favor. Thomas v. Cisneros, 596 S.W.2d 313, 316 (Tex. Civ.
App.--Austin 1980, writ ref'd n.r.e.). It has been said that proof of innocence is essential to
recovery and that there is no presumption of innocence arising from an acquittal. Hurlbut v.
Boaz, 23 S.W. 446, 448 (Tex. Civ. App.--Austin 1893, no writ). An acquittal merely reflects that
the state failed to carry its burden of proof beyond a reasonable doubt. Guilt may well have been
proven by a preponderance of the evidence. 

 There is some evidence in the record showing that Hemmitt was not innocent of
the charges brought. The district attorney testified that Hemmitt was acquitted because of the
district attorney's tactical mistake in waiving a jury trial. The district attorney felt that, if the case
had been tried to a jury, Hemmitt would have been convicted. The district attorney further
testified that he felt that Hemmitt was guilty of the offense with which he had been charged (theft). 
This testimony is some evidence to support a jury finding that Hemmitt was not innocent of the
charges brought, despite an acquittal.

 Because there is some evidence to support the jury verdict, we sustain Appellants'
first point of error.


CONCLUSION


 For the reasons stated above, we reverse the trial court's judgment n.o.v. for
Hemmitt and render judgment on the jury verdict, that Hemmitt take nothing.




 

 Mack Kidd, Justice

[Before Chief Justice Carroll, Justices Jones and Kidd]

Reversed and Rendered

Filed: February 24, 1993

[Do Not Publish]

1.   The question read as follows:


Question No. 1



Instruction


You are instructed that:


a) In order to find that the Plaintiff, Rudolph Hemmitt, was maliciously prosecuted, all of
the following elements must be proven by a preponderance of the evidence:


 1) The commencement of a criminal prosecution against the Plaintiff;


 2) Which has been caused by the Defendant or through Defendant's aid or cooperation;


 3) Which terminated in favor of Plaintiff;


 4) That Plaintiff was innocent;


 5) That there was no probable cause for such proceedings;


 6) That it was done with malice; and


 7) Resulted in damage to the Plaintiff.


b) A corporation acts through its officers, employees and other agents. The knowledge of an
officer, employee or other agent is the same as knowledge by the corporation. 


c) The Plaintiff, Rudolph Hemmitt, was charged with the offense of theft.



Question


 Did either of the defendants named below maliciously prosecute the plaintiff,
Rudolph Hemmitt?

 

 ANSWER: "Yes" or "No" as to each of the following.



 ANSWER

 

 a) Bud Cross Ford, Inc. No 


 b) Mervin Cross No