Filed Feb. 18, 1891.

127  243
129  552

No. 14,792.

RAMEY v. THE STATE, EX REL. STRYKER.

BASTARDY.—*Evidence.*—In a prosecution for bastardy the relatrix may properly be permitted to testify to repeated acts of sexual intercourse with the defendant prior to the time of the alleged conception, as tending to show the relations existing between the parties.

SAME.—*Declarations.*—Where, in such case, the defendant, to impeach the relatrix, introduces in evidence statements of the relatrix that the defendant was not the father of the child, her statements that he was the father of the child, made about the same time, are admissible.

From the Carroll Circuit Court.

*J. Applegate* and *C. R. Pollard,* for appellant.

*L. D. Boyd* and *R. C. Pollard,* for appellee.

OLDS, C. J.—This is a prosecution by the appellee against the appellant for bastardy.

But two questions are presented for which a reversal of the judgment is asked. First, for the reason that the relatrix was permitted to testify, over the objection of appellant, that she had had sexual intercourse with appellant at other times than that which she claims resulted in pregnacy.

Second, that relatrix's witnesses were permitted to testify as to statements made by relatrix out of court previous to the trial and in the absence of appellant, as to the paternity of the child.

As to the first question, the relatrix testified to repeated acts of sexual intercourse with appellant commencing several months previous to the time when she contended conception took place. The appellant denied ever having intercourse with her. There was no error in admitting this testimony. It was proper to show the relations existing between these parties, their acquaintance and their intimacy of whatever character it was. In showing the relationship existing between the parties it was proper to show, if such was the fact, that repeated acts of sexual intercourse had taken place between them prior to the time of the alleged conception. Such evidence had a tendency to show the probability of intercourse having taken place at subsequent times when opportunities offered. State v. Markins, 95 Ind. 464.

Nor was there any error in admitting the other testimony. The appellant had offered evidence tending to show that the relatrix had made statements out of court denying that the appellant was the father of the child. Appellant offered in evidence an affidavit of himself stating that she had made such statements to other persons, and to avoid a continuance the appellee had made an admission as to the truth of the statements in the affidavit, and the affidavit was offered and read in evidence. These statements of the relatrix were only competent as impeaching evidence. She is not the party to the suit, so that her admissions can be given in evidence. Houser v. State, ex rel., 93 Ind. 228. Appellant having put her statements that appellant was not the father of the child in evidence as impeaching evidence, she had the right to put in evidence her self-serving statements made about the same time. This, we think, is in harmony with the holdings of

this court. *Dodd* v. *Moore,* 92 Ind. 397; *Carter* v. *Carter,* 79 Ind. 466; *Brookbank* v. *State, ex rel.,* 55 Ind. 169.

There is no error in the record.

Judgment affirmed, with costs.

