[Crim. No. 121.   First Appellate District.—March 3, 1908.]

## THE PEOPLE, Respondent, v. AH LEAN, Appellant.

CRIMINAL LAW—RAPE—INTERCOURSE WITH GIRL UNDER SIXTEEN—EVIDENCE—VENEREAL DISEASE—IDENTITY OF DEFENDANT.—Upon the trial of a defendant charged with rape by sexual intercourse with a girl under the age of sixteen years, evidence that after the alleged date the prosecutrix had venereal chancroids could not tend to prove sexual intercourse with the defendant, without proof that he then had the same disease, and where it appears that he never had such disease, doubt is cast by said evidence as to the identity of the defendant as being the person guilty of the offense charged.

ID.—ERROR IN CROSS-EXAMINATION OF PROSECUTRIX.—It was error for the court to refuse to allow the defendant to cross-examine the prosecutrix as to whether she did not have the venereal chancroids at the date of the alleged offense, and as to whether she had not had prior sexual intercourse with many other persons, and as to when she had first told of having had sexual intercourse with the defendant.

ID.—IMPROPER TESTIMONY AS TO PRIOR INTERCOURSE WITH DEFENDANT.—Where only one act of sexual intercourse is charged in the indictment, on a specified date, it was error to allow the prosecutrix to testify as to prior acts of sexual intercourse by the defendant with her.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order denying a new trial.   J. R. Welch, Judge.

The facts are stated in the opinion of the court.

E. L. Rhodes, and B. A. Herrington, for Appellant.

U. S. Webb, Attorney General, and Jas. H. Campbell, District Attorney, for Respondent.

COOPER, P. J.—The defendant is charged in the indictment with the crime of rape, in having had sexual intercourse on the eighth day of October, 1905, with one Lillie Ida Davis, an unmarried female under the age of sixteen years.   A trial was had before a jury, and the jury returned a verdict of guilty, with a recommendation of the defend-

ant to the mercy of the court, and judgment was thereupon
entered, sentencing the defendant to a term of eight years
in the state prison. This appeal is from the judgment and
from an order denying the defendant's motion for a new
trial. The facts and circumstances surrounding this case,
and the character of the girl, Lillie Ida Davis, are fully set
forth in *People* v. *Fong Chung,* 5 Cal. App. 587, [91 Pac.
105], a case in which the defendant there was charged with
rape upon the same girl on the twenty-sixth day of Septem-
ber, 1905, and such facts and circumstances need not be here
repeated. In the record of this case at least some of the
matters held to be error in the Fong Chung case are repeated.

The prosecution called Dr. McMahon, who testified that he
examined the girl on the twenty-fourth day of October, 1905,
and found at that time that she had venereal chancroids,
which appeared to be about twelve days' old. As this re-
ferred to a time only sixteen days after the alleged rape, it
is apparent that the object, and the only object, of the tes-
timony was to give the jury the impression that the ven-
ereal disease was contracted by the girl from the defendant.
The testimony certainly did not tend to prove the age of
the girl, nor the fact that the defendant had had sexual in-
tercourse with her unless it had been proven that on the
eighth day of October, 1905, the defendant had a venereal
disease.

Dr. Cothran testified in behalf of the defendant that the
day before the trial he examined the defendant, and that he
did not have any venereal disease, and that if he had had
chancroids or venereal warts at any time within the prior
three months he would have been able to detect signs of such
disease, but that he found no signs of any venereal troubles
of any kind.

The defendant's counsel, in cross-examination, asked the
prosecuting witness whether or not she had chancroids or
any sores inside her private parts on the eighth day of Octo-
ber, 1905. The prosecution objected to each question asked
in regard to such matter on the ground that it was imma-
terial, irrelevant and incompetent, and the court sustained
the objection. The rulings were clearly erroneous, and it is
only necessary to refer to the Fong Chung case as to the
reasons. In that case the rape upon the same girl was al-
leged to have taken place on the twenty-sixth day of Septem-

ber, 1905, and the same physician was called to show that early in October the girl had a venereal disease or chancroids. In this case the alleged rape occurred on the 8th of October, and the same physician was again called to prove that on October 24th the girl had a venereal disease or chancroids of about twelve days' standing. In other words, in the Fong Chung case the act of sexual intercourse was proven to have occurred on the twenty-sixth day of September, 1905, and the physician was called to prove that a few days afterward the girl had chancroids. In the present case the act of sexual intercourse is proven to have occurred with the same girl and this defendant on the eighth day of October, 1905, and the same physician was called to prove that the disease was contracted soon after the act of intercourse with this defendant. It would certainly be a remarkably quick cure if the girl contracted a disease from Fong Chung on the twenty-sixth day of September, 1905, and was suffering from it early in October, 1905, and yet was well and cured of it on October 8, 1905, when the intercourse that defendant is claimed to have had took place, and not only this, but that she again contracted it from this defendant.

Other questions were asked of the girl by defendant in cross-examination as to whether or not she had had intercourse with other Chinamen, and as to how many Chinamen she had accused of having raped her. The court sustained objections made by the district attorney to each of such questions.

The girl was also asked by defendant in cross-examination when she first told anyone of having had sexual intercourse with the defendant. The court sustained the objection of the district attorney to the question.

Under the defendant's objection the prosecution was permitted to prove by the girl that she had had intercourse with this defendant several times before; that the usual price he paid her was $1.50. The defendant was charged with only one offense, and that one alleged to have occurred on the eighth day of October, 1905. We know of no rule in cases of this class that will permit evidence to be introduced to show other and independent rapes to have been committed by the same defendant upon the same party.

It is useless to discuss the rulings further. Upon the authority of the case of *People* v. *Fong Chung*, 5 Cal. App. 587, [91 Pac. 105], the judgment and order are reversed.

Hall, J., and Kerrigan, J., concurred.