[Crim. No. 252. First Appellate District.—June 28, 1910.]

## THE PEOPLE, Respondent, v. ERNEST BOERO, Appellant.

CRIMINAL LAW—RAPE—SEXUAL INTERCOURSE WITH YOUNG GIRL—SUPPORT OF VERDICT.—*Held,* that, in this prosecution for rape committed by the defendant in having sexual intercourse with a young girl under the age of sixteen years, it was for the jury to determine as to the truth of the testimony for the prosecution, in the first instance, and where the judge of the trial court, who also heard and saw the witnesses, has approved of the verdict for conviction, this court cannot say, as matter of law, that the verdict is not supported by the evidence.

ID.—EVIDENCE—PREVIOUS ACTS OF INTERCOURSE.—Upon the trial of such prosecution, the court properly admitted evidence of other acts of sexual intercourse between the defendant and the prosecutrix, occurring before the act relied upon for a conviction.

ID.—GENERAL RULE AS TO OTHER ACTS.—In prosecutions for adultery, incest and rape (especially when committed by consent upon persons under the age of consent), other acts of sexual intercourse between the same persons may be proven as showing an adulterous disposition, and thus corroborating the evidence of the substantive charge.

ID.—CONFLICT IN AUTHORITIES AS TO TIME OF OTHER ACTS.—There is some conflict in the authorities as to the right to give evidence of acts of sexual intercourse occurring after the act upon which the indictment is based, but acts occurring prior thereto are well within the rule allowing such evidence.

ID.—CASE QUALIFIED.—The case of *People* v. *Ah Lean,* 7 Cal. App. **628,** is qualified on the subject of the admissibility of prior acts of sexual intercourse.

ID.—DEFECTIVE RECORD AS TO TIME OF IMPRISONMENT—AMENDMENT UPON NOTICE AND HEARING.—The objection that the judgment in the record is defective in not showing the time of imprisonment has been removed upon suggestion of diminution of the record which shows that after notice and hearing the word "years" has been inserted after the figure "20" by amendment of the judgment.

ID.—FAILURE OF JUDGMENT-ROLL TO SHOW PRESENCE OF DEFENDANT—ERROR NOT PRESUMED.—The mere failure of the judgment-roll to show that defendant was present during the trial on a specified afternoon is immaterial where it does not show that he was not present. All intendments are in favor of the judgment; and error will not be presumed, but must be affirmatively shown by the appellant.

ID.—DEFENSE OF ALIBI—CONFLICT OF EVIDENCE—VERDICT CONCLUSIVE.—
Where the evidence as to the *alibi* relied upon by the defendant
simply raised a conflict with the testimony for the prosecution, the
verdict of the jury against the defendant is conclusive upon this
court.

ID.—AUTHENTICATION OF REPORTER'S TRANSCRIPT OF EVIDENCE.—The
reporter's transcript of the evidence should be sworn to by him, as
required by section 1247 of the Penal Code; and before it is trans-
mitted to this court it must be authenticated by the trial judge, as
required by section 1247A of the Penal Code.

APPEAL from a judgment of the Superior Court of Ala-
meda County, and from an order denying a new trial. Will-
iam S. Wells, Judge.

The facts are stated in the opinion of the court.

D. C. Dutton, for Appellant.

U. S. Webb, Attorney General, for Respondent.

HALL, J.—Defendant was convicted of the crime of rape
for having had sexual intercourse with a girl under sixteen
years of age, and appealed from the judgment and order
denying his motion for a new trial.

It is first urged that the evidence was insufficient to justify
the verdict. It is not claimed that the girl did not give evi-
dence that fully supported the charge, but it is claimed ap-
parently that the evidence was in itself unreasonable, because
it appears that the act was committed in the presence and
with the approval of the wife of the defendant.

But in addition to the evidence of the girl, the testimony
of the landlady of the house was to the effect that she found
the girl in the room of defendant and his wife, on the occasion
in question, after defendant and his wife had gone to bed.
Medical testimony was also given tending to show that the
girl had had sexual relations with someone near to the time
of the alleged offense. It was for the jury to determine as
to the truth of the testimony in the first instance. The judge
of the trial court, who also heard and saw the witnesses, has
approved the verdict. We cannot say that, as a matter of
law, the verdict is not supported by the evidence. (*People
v. Moore*, 155 Cal. 237, [100 Pac. 688].)

The court did not err in permitting evidence of other acts of intercourse between defendant and the prosecutrix, occurring before the act relied upon for a conviction. In prosecutions for adultery, incest and rape (especially when committed by consent upon persons under the age of consent) other acts of sexual intercourse between the same persons may be proven as showing an adulterous disposition, and thus corroborating the evidence of the substantive charge. (*People v. Stratton,* 141 Cal. 604, [75 Pac. 166]; *People* v. *Koller,* 142 Cal. 621, [76 Pac. 500]; *People* v. *Castro,* 133 Cal. 12, [65 Pac. 13]; *Lefforge* v. *State,* 129 Ind. 551, [29 N. E. 34]; *State* v. *Markins,* 95 Ind. 464, [48 Am. Rep. 733]; *State* v. *Bridgman,* 49 Vt. 202, [24 Am. Rep. 124]; *Thayer* v. *Thayer,* 101 Mass. 111, [100 Am. Dec. 110]; *People* v. *Cease,* 80 Mich. 576, [45 N. W. 585]; *Proper* v. *State,* 85 Wis. 615, [55 N. W. 1035]; *People* v. *O'Sullivan,* 104 N. Y. 481, [58 Am. Rep. 530, 10 N. E. 880]; *State* v. *Parish,* 104 N. C. 679, [10 S. E. 457]; *Ramey* v. *State,* 127 Ind. 243, [26 N. E. 818]; *People* v. *Hilberg,* 22 Utah, 27, [61 Pac. 215].)

There is some conflict in the authorities as to the right to give evidence of acts of sexual intercourse occurring after the act upon which the indictment is based; but in this case the evidence objected to related to acts occurring before the act selected as the offense, and was well within the rule allowing evidence of this character.

The language upon this subject, found in *People* v. *Ah Lean,* 7 Cal. App. 628, [95 Pac. 380], was evidently inadvertently used, as no authorities were cited upon the question to this court.

The objection that the judgment in the record does not show whether the imprisonment is for twenty years, months or days has been removed upon suggestion of a diminution of the record. The original entry by the clerk omitted the word "years" after the figure "20." After due notice and hearing the entry was corrected to read "20 years." (*People* v. *O'Brien,* 4 Cal. App. 723, [89 Pac. 438].)

It is also contended that the judgment-roll does not show that defendant was present during the trial on the afternoon of February 17, 1910. It does not show that he was not present, and all intendments are in support of the judgment. In other words, the appellant must show error; it will not be pre-

sumed.   (*People* v. *Douglas,* 100 Cal. 4, [34 Pac. 490] ; *People* v. *Russell,* 156 Cal. 450, [105 Pac. 416] ; *People* v. *Holmes,* 118 Cal. 444, [50 Pac. 675].)

The evidence as to the alibi relied on by defendant simply raises a conflict with the evidence for the prosecution.   In such a case the verdict of the jury is conclusive on this court.

This disposes of all the points presented by appellant, and we have considered them as though the entire record was properly before us.   The reporter's transcript, however, is not indorsed or authenticated by the trial judge as required by section 1247A of the Penal Code.   Not only should the reporter's transcript be sworn to by him, as required by section 1247, Penal Code, but before it is transmitted to this court it should be authenticated by the trial judge in accordance with section 1247A, Penal Code.

The judgment and order are affirmed.

Cooper, P. J., and Kerrigan, J., concurred.