[Crim. No. 128.   Third Appellate District.—August 9, 1910.]

THE PEOPLE, Respondent, v. STEVE CURRIE, Appellant.

CRIMINAL LAW—RAPE—SEXUAL INTERCOURSE WITH GIRL UNDER AGE OF CONSENT—PRIOR WANT OF CHASTITY.—In a prosecution for rape by sexual intercourse with a female under the age of consent, her previous relations with other men are not admissible merely as tending to show her previous want of chastity.

ID.—TESTIMONY OF PREGNANCY FOR PROSECUTION—CORROBORATION OF PROSECUTRIX—BIRTH OF CHILD—ERROR IN DISALLOWING CROSS-EXAMINATION.—Where the district attorney proved the pregnancy of the prosecutrix after the alleged rape, to corroborate her evidence, and it was proved that she gave birth to an eight-pound child eight months after defendant's first intercourse with her, it was prejudicial error to disallow defendant upon her cross-examination to discredit her testimony on that point, by showing that he was not responsible for her pregnancy, and that it may have been caused by other persons who had prior intercourse with her.

APPEAL from a judgment of the Superior Court of Plumas County, and from an order denying a new trial. J. O. Moncur, Judge.

The facts are stated in the opinion of the court.

L. N. Peter, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, for Respondent.

CHIPMAN, P. J.—Defendant was tried upon an information for the rape of a female under the age of consent, was convicted and sentenced to imprisonment in the state prison for the term of eighteen years. He appeals from the judgment of conviction and from the order denying his motion for a new trial.

The conviction rests upon the uncorroborated testimony of the prosecutrix, whose narrative of the facts is by no means conclusive but not such as to justify its entire rejection as "inherently improbable," as it is characterized by defendant. She testified that the crime was committed the 24th or 25th of February, 1908. She testified in chief that she was afterward examined by Dr. Rutledge and that he found her to be pregnant. She was asked on cross-examination to whom she first told of the assault, and replied: "Never told anyone; the doctor came and found out for himself. Q. Was that the first time Currie had ever taken any liberties with you? A. Yes, sir." She testified that she gave birth to a child on October 31, 1908, at a hospital in Sacramento, and the attending physician testified to the date and also that the child "was full nine months old," and that had it not been nine months old there would "have been peculiarities about the child or mother to show that it was born sooner than provided for." On cross-examination of the prosecutrix, defendant endeavored to show that, prior to the alleged relation with defendant, she had had illicit relations with persons other than defendant, and particularly with a young man who was named, and she was also asked the direct questions: "Had you had sexual intercourse with any other person except Currie up to that time? Did you ever have any opportunity prior to the twenty-fourth or twenty-fifth day of February, 1908, to become pregnant?" Other questions were asked along this line, to all of which the objection of the district attorney was sustained. Counsel for defendant stated to the court that the purpose was to show that, according to the laws of nature, "it was utterly impossible that she could have

had sexual intercourse on the date she gave''; also, ''to show that the pregnant condition to which she referred in her direct testimony must have been due to somebody else besides this defendant.'' The trial court resolutely refused the testimony for these or any purposes.

It is well settled that in cases of this character, where the prosecutrix is under the age of consent, her relations with other men as tending to show want of chastity are immaterial. Here, however, the district attorney had brought out the fact in chief that she was found to be pregnant after defendant's intercourse with her as she testified, the object being to corroborate her testimony by that important fact. She had testified that defendant had never, previously to February 24th or 25th, had sexual intercourse with her. It also appeared by her own testimony that she gave birth to an eight-pound child on October 31, 1908, about eight months after the alleged assault upon her. Defendant had a clear right to discredit her testimony by showing on cross-examination whether her pregnancy was due to her relations with defendant or might not have been caused by some other person. In testifying to her pregnancy as an evidence of defendant's guilt, defendant had the right to test the truthfulness of this damaging fact by the means taken at the trial, and it was prejudicial error to deny him this right.

In the recent case of *People* v. *Davenport*, 13 Cal. App. 632, [110 Pac. 318], this question was considered and the court said: ''As we have already seen, the evidence would not be admissible for the purpose of showing her unchastity at the time of the alleged offense, but if it had a logical tendency to rebut any unfavorable inference against the defendant that might be drawn from any act testified to on the direct examination, it should have been admitted for that purpose.'' (See, also, *People* v. *Fong Chung*, 5 Cal. App. 587, [91 Pac. 105]; *People* v. *Ah Lean*, 7 Cal. App. 626, [95 Pac. 380].)

Other errors are assigned, but as they may not occur upon the retrial of the case, should it be tried again, it is not necessary to notice them.

The judgment and order are reversed.

Burnett, J., and Hart, J., concurred.