[Crim. No. 598. First Appellate District.—November 1, 1915.]

THE PEOPLE, Respondent, v. N. B. CONVERSE, Appellant.

CRIMINAL LAW—RAPE—EVIDENCE—BIAS AND CREDIBILITY OF WITNESS—IMPEACHMENT.—In a prosecution for rape, where a witness had testified to certain circumstances which tended to discredit the complaining witness, it was proper for the people to show that he had told certain people that he knew that the defendant was guilty, but would not be "fool enough to swear to it in court."

ID.—ADULTEROUS DISPOSITION OF DEFENDANT—PRIOR ACTS.—In such a prosecution evidence of prior acts of sexual intercourse between the defendant and the complaining witness is admissible as tending to show the adulterous disposition of the defendant.

ID.—IMPROPER INSTRUCTIONS—SINGLING OUT EVIDENCE.—Argumentative instructions, instructions which might single out the testimony of a particular witness for comment, and instructions bearing on the weight to be attached to a particular piece of evidence, are properly refused.

ID.—EVIDENCE—INTERCOURSE OF DEFENDANT WITH DAUGHTER—KNOWLEDGE OF MOTHER—ADMISSION TO AUNT—HEARSAY.—In the prosecution of a defendant for the crime of rape upon his own daughter, it is reversible error to permit the complaining witness upon redirect examination to testify, over objection upon the ground of immateriality, that her aunt had told her that the mother of the witness had said to such aunt that the witness had had sexual intercourse with the defendant, where such testimony is permitted upon the assumption that it was a connected and undisclosed portion of a conversation between the complaining witness and her aunt which was referred to and called for in part by counsel for the defendant upon cross-examination of the complaining witness, and it appears from the record that such conversation was had between the witness and her aunt in a certain hospital where the mother of the witness was lying ill, although not in the latter's presence, and that the only subject discussed was as to what the witness was to testify to.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial. W. M. Conley, Judge presiding.

The facts are stated in the opinion of the court.

Lewis H. Smith, for Appellant.

U. S. Webb, Attorney-General, and F. L. Guerena, for Respondent.

LENNON, P. J.—The defendant in this case was charged with the crime of rape upon his fifteen year old daughter. He was convicted of assault with intent to commit rape, and has appealed from the judgment and from the order denying him a new trial.

The witness Charley Converse having testified to certain circumstances which tended to discredit the complaining witness, it was proper for the people to show, as was done, that he told certain people that he knew that the defendant was guilty, but would not be "fool enough to swear to it in court." This and other statements of the witness along similar lines went to the bias and credibility of the witness, and were therefore admissible in evidence, a proper foundation therefor having been previously laid.

Evidence of prior acts of sexual intercourse between the defendant and the complaining witness was properly admitted as tending to show the adulterous disposition of the defendant. (*People* v. *Boero,* 13 Cal. App. 687, [110 Pac. 525] ; *People* v. *Koller,* 142 Cal. 621, [76 Pac. 500] ; *People* v. *Stratton,* 141 Cal. 604, [75 Pac. 166] ; *People* v. *Castro,* 133 Cal. 12, [65 Pac. 13] ; *People* v. *Price,* 26 Cal. App. 544, [147 Pac. 591].)

The case of *People* v. *Ah Lean,* 7 Cal. App. 628, [95 Pac. 380], is cited as an authority to the contrary. As was said in *People* v. *Boero,* "The language upon this subject found in *People* v. *Ah Lean* was evidently inadvertently used." Consequently the case of *People* v. *Ah Lean* cannot be considered as an authority on the subject.

The charge of the court concerning the rule of law relating to the question of reasonable doubt concisely stated the rule

in that behalf, and therefore it was not error to refuse the defendant's requested instruction upon the same subject.

It is well settled that argumentative instructions, instructions which single out the testimony of a particular witness for comment, and instructions bearing on the weight to be attached to a particular piece of evidence, are properly refused. (*People* v. *Keith,* 141 Cal. 686, [75 Pac. 304]; *People* v. *Lonnen,* 139 Cal. 634, [73 Pac. 586]; *People* v. *Nunley,* 142 Cal. 105; [75 Pac. 676].) Defendant's requested instructions which the trial court refused were faulty in the particulars above stated; and when measured by the rule declared in the foregoing authorities they were all rightfully rejected.

The trial court erred to the pronounced and positive prejudice of the defendant in its ruling permitting the district attorney to ask the complaining witness upon redirect examination the question, "Didn't your aunt tell you that your mother had said to her that you had had sexual intercourse with your father?" This question, which was answered in the affirmative, was insisted upon by the district attorney and permitted by the trial court against the objection of counsel for the defendant that it was "immaterial and leading," upon the erroneous assumption that it was a connected and undisclosed portion of a conversation between the complaining witness and her aunt which was referred to and called for in part by counsel for the defendant upon cross-examination of the complaining witness. If the theory upon which the question complained of was permitted to be asked and answered were supported by the record before us the ruling of the trial court, might in the absence of an objection upon the ground of incompetency, be sustained without doing violence to the general rule of evidence which, when part of a conversation is narrated in chief or upon cross-examination, permits the disclosure through the medium of questions by the opposing side of all the conversation which may be material to the issues involved upon the whole case, or more precisely with reference to the point presented here, pertinent to the proposition involved in the portion of the conversation called for and narrated in the first instance. And of course it goes without saying that if the memory of the witness relating the conversation is shown to be deficient concerning a material and undisclosed portion of the conversa-

28 Cal. App.—44

tion referred to in chief or upon cross-examination, leading questions may be rightfully resorted to for the purpose of refreshing the memory of the witness; but in our opinion the record in the present case falls far short of showing a condition of the evidence created by the cross-examination of the complaining witness which, in consonance with the general rules of evidence above stated, warranted the ruling complained of. In this behalf the record shows that upon cross-examination counsel for the defendant asked the complaining witness the question, "Thelma, who first told you to testify to these things?" to which the witness replied, "My aunt—my aunt Eva." Further cross-examination of this witness developed the fact that the conversation referred to in the first question was had between the witness and her aunt Eva at a certain hospital where the mother of the witness was lying ill, although not in the latter's presence, and ultimately upon the subject of the conversation referred to the cross-examination—which apparently was directed to showing that the witness had been coached as to what she should testify to, resulted in showing nothing more nor less than that the witness had been told by her aunt to tell the truth. It is not claimed that the testimony called for by the question complained of was material to the general issue of the defendant's guilt or innocence; and certainly it was not pertinent to the questions propounded by counsel for the defendant to the complaining witness upon cross-examination in an endeavor to show that she had been unduly influenced to give false testimony against the defendant. Obviously the fact that the aunt of the witness had stated to her that her mother had said that she (the witness) had had sexual intercourse with her father, had no legitimate tendency to show that the aunt had thereby told the witness what to testify to; and therefore it cannot be fairly said that it was in any sense or to any extent related to the particular conversation at the hospital between the witness and her aunt in which it was claimed that the latter had told the witness what her testimony should be. This being so, the testimony sought to be elicited by the question complained of was immaterial to the proposition involved in the conversation called for upon cross-examination, and consequently the objection was well taken and should have been sustained. (*Hurlbut* v. *Boaz*, 4 Tex. Civ. App. 371, [23 S. W. 446]; *Wilhelmi* v. *Leonard*, 13 Iowa,

330; *Bratt* v. *State,* (Tex. Cr.) 41 S. W. 624; *State* v. *Coates,* 22 Wash. 601, [61 Pac. 726] ; *Drake* v. *State,* 110 Ala. 9, [20 South. 450].)

It will not do to say that the ruling complained of was free from error because counsel for the defendant did not see fit to object specially upon the ground that the question called for testimony which in addition to being immaterial was incompetent because hearsay. Objections to questions calling for inadmissible testimony are designed and are required for the purpose of directing the attention of the trial court and of opposing counsel to the particular vice of the testimony sought to be elicited by the question; and it is the general rule that the efficacy of an objection is dependent upon the precision with which it is made. In the present case, however, upon its face the character of the question must have fully apprized the trial court of the hearsay nature of the testimony called for; and it is evident by the discussion of the objection indulged in between court and counsel that an objection upon the ground of hearsay would have been overruled upon the theory that, notwithstanding its hearsay character, such testimony was admissible upon redirect examination as a material and undisclosed portion of a conversation called for and narrated upon cross-examination. Obviously therefore it would have been useless to have specified incompetency as an additional ground of objection; and this perhaps was one of the reasons why counsel for defendant failed to do so. But, however that may be, the objection as made in our opinion was, for the reasons hereinbefore stated, sufficient; and the additional ground of incompetency, if it had been specified, would have altered the situation only to the extent of accentuating the error of the trial court's ruling. The vice of the question complained of is palpable. It called for hearsay upon hearsay; and its allowance permitted the district attorney to do indirectly that which the law would not have permitted him to do directly, viz., make the wife of the defendant a witness against him. That the testimony elicited by the question prejudiced the defendant in the eyes of the jury we have no doubt, because it is not in human nature to give much if any consideration or credence to evidence, direct or circumstantial, which was contradictory of the confessions of a mother and a wife, even though presented in the form

of hearsay testimony, that she was cognizant of her daughter's defilement by the defendant.

A review of the evidence has not convinced us that the defendant would have been convicted without the aid of the evidence admitted under the ruling complained of; and therefore it is ordered that the judgment and order appealed from be reversed, and the cause remanded for a new trial.

Richards, J., and Kerrigan, J., concurred.